982 So.2d 995 (2008)
Larry Wayne MILLER, Jr. a/k/a Larry Wayne Miller, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00208-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Clay Spencer Nails, Corinth, attorney for appellant.
Office of the Attorney General, by Deshun Terrell Martin, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On April 12, 2006, a jury in the Alcorn County Circuit Court convicted Larry Wayne Miller, Jr., of one count of *996 fondling. Miller was sentenced to ten years, with five years to serve in the custody of the Mississippi Department of Corrections, five years suspended, and five years post-release supervision. Miller subsequently filed a motion for a new trial, which was denied. Miller now appeals, asserting the following issues: (1) the trial court erred in denying his motion for a directed verdict; (2) the trial court erred in denying his motion for a new trial; and (3) the jury verdict was contrary to the overwhelming weight of the evidence. Finding no error, we affirm.

FACTS
¶ 2. On March 15, 2004, Miller's daughter, Anna, and his niece, Sara,[1] were staying at his house. Sara was sleeping in Anna's room when Miller entered the bedroom and rubbed Sara's upper leg area. Sara testified that Miller also attempted to rub her vagina, but she prevented him from doing so by running into the bathroom. Sara stated that she could hear Miller in the kitchen, "hollering" at her to come to him. Sara testified that Miller asked her to play strip dice, which she refused. At one point, Miller pulled Sara onto his lap. When she tried to leave the kitchen, Miller asked her "to let him make a pallet on the living room floor so I could lay [sic] down with him." Sara then went back into Anna's room, but she was followed by Miller, who again attempted to make Sara lie on the floor with him. Sara stated that Miller was rubbing "up and down in my shorts, and he had his hand around my breasts." The commotion in the room woke up Anna, who proceeded to yell at Miller to leave the room. Sara stated that she was crying and told Anna how scared she was from the experience. Sara eventually told her mother about the experience, and her mother then informed the authorities.
¶ 3. Anna also testified at trial that when she awoke that night, she saw Miller and Sara on the floor and Miller's hands "starting to go up under her shorts." Anna stated that Sara was crying when she told her what Miller had done.

DISCUSSION
I. DID THE TRIAL COURT ERR IN DENYING MILLER'S MOTION FOR A DIRECTED VERDICT?
¶ 4. In his first issue on appeal, Miller argues that the trial court erred in denying his motion for a directed verdict at the close of the State's case-in-chief. A motion for a directed verdict challenges the legal sufficiency of the evidence. Our standard regarding these challenges is well stated. In reviewing the sufficiency of the evidence, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646 (¶ 16) (Miss.Ct.App.2005). "This Court is not at liberty to reverse unless, with respect to one or more of the elements of the charged offense, the evidence considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Green v. State, 887 So.2d 840, 845 (¶ 9) (Miss.Ct.App.2004). Furthermore, the jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997) (citation omitted).
¶ 5. Miller was convicted of fondling pursuant to Mississippi Code Annotated section *997 97-5-23(1) (Rev.2006). Section 97-5-23(1) states that anyone "above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands . . . any child under the age of sixteen (16) years . . ." is guilty of fondling. Miller contends that the evidence was insufficient because there was no physical evidence, and one of his witnesses, who was purportedly at Miller's house that night, testified that he did not hear anything untoward happen the night of March 15, 2004. However, Anna and Sara both testified that no one else was at Miller's house that night. The jury heard the testimony of the victim that she was fondled by Miller and a witness who saw Miller fondling the victim. We cannot find that after considering the evidence, reasonable jurors could only find Miller not guilty. This issue is without merit.
II. DID THE TRIAL COURT ERR IN DENYING MILLER'S MOTION FOR A NEW TRIAL?
III. WAS THE JURY'S VERDICT CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 6. In his second and third issues on appeal, Miller argues that the jury's verdict was against the overwhelming weight of the evidence; thus, we should reverse and grant a new trial. Our standard of review concerning the overwhelming weight of the evidence is well settled: "[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). The appellate court sits as a hypothetical "thirteenth juror." Id. Therefore, the Court weighs the evidence "in the light most favorable to the verdict." Id. If, in this position, the Court disagrees with the verdict of the jury, "the proper remedy is to grant a new trial." Id.
¶ 7. Miller's argument on these issues is simply a repackaging of his same argument from the first issue. After reviewing the record and weighing the evidence in the light most favorable to the verdict, we cannot find that allowing the guilty verdict to stand would sanction an unconscionable injustice. This issue is without merit.
¶ 8. THE JUDGMENT OF THE ALCORN COUNTY CIRCUIT COURT OF CONVICTION OF FONDLING AND SENTENCE OF TEN YEARS, WITH FIVE YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The Court of Appeals declines to identify sexual assault victims. In the interest of the child's privacy, the minors' names, as well as the names of family members, have been substituted with aliases.